The People ex rel. Ambrose G. Kingsland et al., Appellants, v. Amos R. Clark et al., Respondents.

An action was commenced against certain persons who had signed the notice required by the general act providing for the incorporation of villages (chapter 241, Laws of 1870), and the officers of the town who would be inspectors of election, to restrain them from proceeding under said act to incorporate a village. A temporary injunction was obtained but was dissolved, the proceedings for incorporation completed, village officers chosen, and the corporation went into operation. These facts were set up in a supplementary complaint, and judgment demanded that such acts should be declared null and void. *Held*, that, upon the facts as disclosed upon the trial, defendants were not necessary or proper parties to the action, and no effectual judgment could be rendered therein, as an injunction restraining defendants would have no practical effect upon the corporation; that the village itself, or the trustees as exercising the franchises, were necessary parties.

As to whether the General Term could have reversed the judgment below and directed the proper parties to be brought in, *quære.* This court has no power so to do.

*It seems,* that to test the legality of a corporation under said statute, a legal action in the nature of a *quo warranto* is an appropriate, if not the only remedy.

(Argued June 21, 1877; decided September 25, 1877.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts are set forth sufficiently in the opinion.

*William Allen Butler*, for the appellants. The remedy by injunction was proper, and neither the people nor the

relators were obliged to wait until the wrong was consummated. (Story's Eq. Jur., 924; *Bradley* v. *Comrs.*, 2 Humph., 428; Hil. on Inj. [3d ed]., 522; *Frewin* v. *Lewis*, 4 M. & C., 239; 9 Sim., 66; *New London* v. *Brainard*, 22 Conn., 553; *R. D. Nav. Co.* v. *N. M. R. R. Co.*, 1 R. Cas., 135; Drewry on Inj., 285; *Emperor of Austria* v. *Kossuth*, 7 Jur. ]N. S.], 639; *Atty. Genl.* v. *West Hartlepool*, 10 L. R. Eq. Cas., 152; *Terrett* v. *Taylor*, 9 Cranch, 43, 45; *Gardner* v. *Trustees, etc.*, 2 J. Ch., 161; *M. R. R. Co.* v. *Artcher*, 6 Paige, 83; *Oakley* v. *Trustees, etc.*, id., 262; *People* v. *Sturtevant*, 9 N. Y., 263; *Milhan* v. *Sharp*, 27 id., 611; *Palmer* v. *Foley*, 45 How. Pr., 110; *Corning* v. *Troy I. & N. Factory*, 40 N. Y., 191; *Broiestedt* v. *S. S. R. R. Co.*, 55 id., 220; *Tribune Assn.* v. *Sun Print'g & Pub. Assn.*, 7 Hun, 175; *C., B. & Q. R. R. Co.* v. *Cole*, 75 Ill., 591; *Folley* v. *City of Passaic*, 26 N. J. Eq., 216; *Morris C. & B. Co.* v. *Mayor, etc.*, id., 294; *Wilson* v. *Mineral Paint*, 29 Wis., 160; *Ceyers* v. *Lawrence*, 59 N. Y., 192; *Atty. Genl.* v. *G. E. R. R. Co.*, L. R. 6 Ch. App., 572; *Atty. Genl.* v. *Hackney Local Bd.*, L. R. 20 Eq. Cas., 626; *Atty. Genl.* v. *Mayor, etc., of Basingstoke.* 45 L. J. [N. S.] Ch. Div., 626.)

*Thomas Nelson*, for the respondents. Plaintiff's case was not one of equitable cognizance. (*Hagner* v. *Heyburgh*, 7 W. & S., 104; High. on Inj., 174, 453; *Sherman* v. *Clark*, 4 New., 138; Hopk. Ch., 354; *Hartt* v. *Harvey*, 32 Barb., 55; *People* v. *Draper*, 24 id., 265; *Whitney* v. *Mayor, etc.*, 28 id., 233, 238; *Haywood* v. *City of Buffalo*, 14 N. Y., 534; *People* v. *Canal Bd.*, 55 id., 390; *Albany R. R.* v. *Brownell*, 24 id., 345; *People* v. *A. & S. R. R.*, 57 id., 16; *Atty. Genl.* v. *Bk. of Niagara*, Hopk. Ch., 354; *Mayor* v. *Conover*, 5 Abb. Pr., 171.)

*Per Curiam.* This action was commenced to restrain certain persons from proceeding to incorporate the village of North Tarrytown under the general act of the Legislature authorizing the incorporation of villages. (Chap. 291, Laws of 1870.)

The persons made defendants are those who signed the notice required, and the officers of the town who would be inspectors of the election. A temporary injunction was obtained which was dissolved, and the election was held, and a majority of votes determined in favor of the incorporation, and the proceedings for such incorporation have been perfected, village officers chosen, and the corporation is in operation. By a supplemental complaint these facts were set up, and judgment demanded that all these acts be declared null and void.

The grounds of the action are that the statute was not complied with, and that the statute itself is unconstitutional. We do not deem it necessary to determine whether the action is maintainable as originally commenced. As it appeared upon the trial, and is presented to us upon appeal, no effectual judgment can be rendered in it. The acts sought to be restrained have been consummated, and from a project to incorporate a village, the village has become incorporated. The defendants are not necessary or proper parties to the action upon the facts disclosed at the trial. The village itself, or the trustees who are now exercising the franchise, are the necessary parties to the action, and an injunction restraining the defendants would have no practical effect upon the corporation. We do not deem it proper, therefore, to express an opinion upon the points presented, involving the validity of the statute or the regularity of the proceedings under it, for the reason that a decision could not be made effectual by a judgment. The General Term might, perhaps, have reversed the judgment, and directed the proper parties to be brought in, but it is not the province of this court to do so. Besides, as matters now stand, a legal action in the nature of quo warranto is an appropriate, if not the only remedy.

The judgment of the General Term must be affirmed.

All concur.

Judgment affirmed.