STATE, RICHARD B. CAMPBELL ET AL., PROSECUTORS, v. HALSTED H. WAINRIGHT ET AL.

After the certificate of the officers of election has been filed in the county clerk's office, under the act for the formation of borough governments, approved March 5th, 1878, a corporation exists which cannot be defeated by *certiorari*, but may be dissolved only by *quo warranto*.

On *certiorari*.

An application was made by certain inhabitants of the township of Manasquan, in the county of Monmouth, to incorporate a part of that township embracing an area not exceeding four square miles, and containing a population not exceeding five thousand, to become a borough, under the act for the formation of borough governments, passed March 5th, 1878. *Pamph. L., p.* 403.

This application was presented to a judge of the Court of Common Pleas of that county, December 2d, 1887, and an order made by him for an election to be held December 29th, 1887, under the supplement of March 24th, 1885. *Pamph. L., p.* 129. The election was held at the time appointed, and resulted in a majority of votes for the incorporation. The officers of election certified the result to the clerk of the county, and it was filed in his office.

This *certiorari* was granted to review these proceedings.

Argued at February Term, 1888, before Justices SCUDDER and REED.

For the prosecutors, *F. P. McDermott.*

For the defendants, *H. H. Wainright.*

The opinion of the court was delivered by

SCUDDER, J.   The reasons filed on the return made to this writ of *certiorari* relate to the constitutionality of the act of 1878, and of the supplement of 1885; the formalities of the application; the election, and the return made by the clerk and the inspectors of the election.   A preliminary inquiry as to the right of the prosecutors to this writ for the purpose to which they seek to apply it, may settle this controversy.   The certificate was filed by the officers of election December 20th, 1887.   The statute, in section 3, says, that "from the time of filing said certificate in the office of the clerk of the county, as aforesaid, the inhabitants of said borough shall be a body corporate, in fact and in law," &c.

The writ of *certiorari* was allowed February 4th, 1888, more than a month after the certificate was filed.   At that time there was a corporation existing under color of legislative authority and in observance of the forms prescribed by the statute, which could be directly assailed in one way only to effect its dissolution.   The parties here are certain inhabitants of the district included within the lines of the proposed borough as prosecutors, and the petitioners for the order for an election, and the corporation, by the name of the mayor and common council of Manasquan, as defendants.   In *Long Branch* v. *Sloane and others,* 20 *Vroom* 356, the order for election, with the application and notice, were brought before this court by *certiorari.*   These proceedings, under another supplement of the act of 1878, passed in 1886, were before the certificate and the filing in the clerk's office, whereby a corporate body was constituted, and the writ of *certiorari* was there properly used to test the legality of preliminary acts under

Campbell v. Wainright.

the statute.   But here the writ of *certiorari* can only be made effective, if it may be used, by dissolving an existing corporation.   In such a proceeding the applicants for the incorporation have no place; their functions have ceased, and the prosecutors, who represent a part of the inhabitants of the territory included within the corporate limits who are dissatisfied with their position, have no standing in court to defeat the act of incorporation.   They could not do this as private relators by information in nature of a *quo warranto,* nor can they by *certiorari,* which is never allowed for such purpose.   This court has recently decided, in *Gibbs* v. *Somers Point,* 20 *Vroom* 515, that an information in the nature of a *quo warranto* against a corporation, must be prosecuted in the name of the Attorney General alone, and cannot be joined with an information at the instance of private relators against officers of a corporation.   *Yard* v. *Ocean Beach Borough Commission,* a like case, decided at the same term, is of similar effect.   An information will not lie on the relation of an individual against a corporation, as a body; nor can a *certiorari* be used, as a direct proceeding to annul or dissolve its charter.   When a special election case under this act has gone so far as to reach the point where, by the terms of the law, there is a corporation in fact, then only the state, by its proper officer, can interpose to end its existence.   A court of equity will not give relief to those who feel aggrieved under such circumstances, for when a corporation exists *de facto,* that court cannot, at the instance of private parties, restrain its operation upon the ground that its organization is not *de jure.*   In such case the proper and only remedy is by *quo warranto* or information in the nature thereof, instituted by the Attorney General.   *National Docks Railway Company* v. *Central Railroad Company,* 5 *Stew. Eq.* 755.   In *People* v. *Clark,* 70 *N. Y.* 518, a case under a statute for incorporating villages, where the preliminary steps were taken, restrained by injunction, and afterwards the injunction was dissolved and the incorporation was completed, the court declined to amend to bring in the corporation, and said *quo warranto* is the appropriate, if not the only remedy.

This rule of law and in equity is of great importance where the whole machinery for the government of corporate bodies may be thrown into confusion by disappointed voters who find some technical defect in the enabling law, or in the attempt to apply it, and wait until the operations of public officers have been commenced under a charter, supposed to be legal, before they proceed to test its validity. At that point the whole public become interested, and only an officer representing the state should be allowed to interpose such objection.

In this case a *certiorari* is not an appropriate remedy, nor are the prosecutors the proper parties to litigate the question raised by them.

The writ will be dismissed, with costs.