## KIMBALL *v.* KIMBALL.

ERROR TO THE SURROGATE'S COURT OF THE COUNTY OF KINGS, STATE OF NEW YORK.

No. 248.   Argued April 19, 1899. — Decided May 1, 1899.

If the petition of a woman, claiming to be the widow of a man supposed to have died intestate, for the revocation of letters of administration previously granted to his next of kin, and for the grant of such letters to her, is dismissed by the surrogate's court upon the ground that a decree of divorce obtained by her in another State from a former husband is void; and she appeals from the judgment of dismissal to the highest court of the State, which affirms that judgment; and, pending a writ of error from this court, it is shown that a will of the deceased was proved in the surrogate's court after its judgment dismissing her petition, and before her appeal from that judgment; the writ of error must be dismissed.

THE statement of the case is in the opinion of the court.

*Mr. George Bell* for plaintiff in error.   *Mr. Waldegrave Harlock* was on his brief.

*Mr. Lemuel H. Arnold* for defendants in error.

Mr. Justice Gray delivered the opinion of the court.

This action was begun December 18, 1896, by a petition of Maude E. Kimball, claiming to be the widow of Edward C. Kimball, (who resided in Brooklyn, and died there, without issue, on November 9, 1896,) to the surrogate's court of the county of Kings in the State of New York, praying that letters of administration granted by that court on November 10, 1896, to his mother and his brother in law, upon a petition representing that he died intestate and unmarried, be revoked, and that this petitioner be appointed administratrix.

The administrators previously appointed, being cited to show cause why the prayer of her petition should not be granted, filed an answer, denying that she was the widow of the deceased.

At the hearing in the surrogate's court, it was proved and admitted that Edward C. Kimball and the petitioner went through the ceremony of marriage at Brooklyn on June 29, 1895; that she had been married on May 12, 1885, to James L. Semon in the city of New York; that on September 25, 1890, she commenced a suit against Semon in a court of the State of North Dakota for a divorce on the ground of his desertion; that the summons in that suit was not served upon him in North Dakota, but was served upon him in the State of New York on October 15, 1890; that on January 26, 1891, that court rendered a decree of divorce against him as upon his default; that she was living in North Dakota from June 5, 1890, to February 5, 1891; that when she brought her suit for divorce, and ever since, Semon was a resident of the State of New York; and that on December 16, 1896, that court, upon his application and after notice to her, amended the decree of divorce by striking out the statement of his default, and by stating, in lieu thereof, that he had appeared and answered in the suit. Copies of the record of the proceedings for divorce were produced; and the principal matter contested in the surrogate's court was the validity of the divorce.

The surrogate's court held that the decree of divorce and the marriage of the petitioner to the intestate were absolutely void at the time of his death, and were not rendered valid by the subsequent amendment of the decree of divorce; and by a decree dated March 8, 1897, adjudged that the petitioner was not the widow of Edward C. Kimball, nor entitled as such to letters of administration of his estate; and further adjudged that her petition be dismissed. On April 5, 1897, the petitioner appealed from that decree to the Appellate Division of the Supreme Court of the State of New York, which on June 22, 1897, affirmed the decree. *In re Kimball*, 18 N. Y. App. Div. 320. From the decree of affirmance, the petitioner on August 19, 1897, appealed to the Court of Appeals of the State of New York; and that court, on February 4, 1898, affirmed the decree, and ordered the case to be remitted to the surrogate's court. 155 N. Y. 62.

The petitioner sued out this writ of error, and assigned for error that the courts of New York had not given due faith and credit to the decree of the court of North Dakota.

. The writ of error was entered in this court on February 21, 1898. On March 22, 1898, the defendants in error moved to dismiss the writ of error, because of the following facts, proved by them, and admitted by the plaintiff in error, namely: On March 25, 1897, on a petition of the mother and sister of Edward C. Kimball, representing that his last will and testament, dated July 7, 1890, devising and bequeathing to them all his property, real and personal, and appointing them executrices thereof, had just been found, the surrogate's court, upon due proof of its execution and attestation, entered a decree admitting the will to probate, ordering letters testamentary to be issued to the executrices, and revoking the letters of administration which had been granted to the mother and the brother in law on November 10, 1896. The entry of the decree of March 25, 1897, was notified by the counsel of the present defendants in error to the counsel of the plaintiff in error on the day on which it took place.

The motion to dismiss was opposed by the plaintiff in error, upon the grounds that the judgment below involved a Federal

question within the jurisdiction of this court; that a dismissal of the writ of error would leave the plaintiff in error bound by the adjudication below that she was not the widow of the deceased; that the admission of the will to probate had no bearing on the question before this court; and that the defendants in error had been guilty of laches in not sooner making a motion to dismiss.

The consideration of the motion to dismiss the writ of error was postponed until the hearing upon the merits, and now presents itself at the threshold.

The rule which must govern the disposition of this motion has been often stated and acted on by this court.

In a comparatively recent case, pending a writ of error to reverse a judgment for a railroad corporation in an action against it by a State to recover sums of money for taxes, it was shown that the defendant had made a tender of those sums to the State, and a deposit of them in a bank to its credit, which by statute had the same effect as actual payment and receipt of the money. Stipulations had been made in other similar cases that they should abide the judgment of this court in this case; and the Attorney General of the State contended that a determination of the question whether the tax was valid was of the utmost importance to the people of the State. But this court dismissed the writ of error, saying: "The duty of this court, as of every judicial tribunal, is limited to determining rights of persons or of property, which are actually controverted in the particular case before it. When, in determining such rights, it becomes necessary to give an opinion upon a question of law, that opinion may have weight as a precedent for future decisions. But the court is not empowered to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it. No stipulation of parties or counsel, whether in the case before the court or in any other case, can enlarge the power or affect the duty of the court in this regard." *California* v. *San Pablo & Tulare Railroad*, 149 U. S. 308, 314.

Again, in a still more recent case, this court, upon a review of the previous decisions, said : " The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal." *Mills* v. *Green*, 159 U. S. 651, 653.

From the necessity of the case, this court is compelled, as all other courts are, to allow facts which affect its right and its duty to proceed in the exercise of its appellate jurisdiction, but which do not appear upon the record before it, to be proved by extrinsic evidence. *Dakota County* v. *Glidden*, 113 U. S. 222, 225, 226 ; *Mills* v. *Green*, above cited.

The reasons are quite as strong, to say the least, for applying the rule to a writ of error to a state court, on which the jurisdiction of this court is limited to Federal questions only, as to a writ of error to a Circuit Court of the United States, on which the jurisdiction of this court extends to the whole case. The rule was applied to a writ of error to the Court of Errors and Appeals of the State of New Jersey in *Little* v. *Bowers*, 134 U. S. 547.

In the present case, the subject matter of the petition to the surrogate's court, and the only relief which could be granted upon that petition, were the revocation of the letters of administration previously issued to the mother and the brother in law of the deceased, and the grant of new letters of administration to the petitioner. The decree admitting the will to probate, in terms, revoked the former letters of administration, and, by its legal effect, superseded the necessity and the possibility of granting any letters of administration as of an intestate estate to the petitioner or to any one

else. New York Code of Civil Procedure, §§ 2476, 2626, 2684. The whole subject matter of the writ of error is thus withdrawn, and the writ of error must be dismissed for want of anything upon which it can operate. *Chicago & Vincennes Railroad* v. *Fosdick*, 106 U. S. 47, 84; *San Mateo County* v. *Southern Pacific Railroad*, 116 U. S. 138; *Washington Market Co.* v. *District of Columbia*, 137 U. S. 62.

The question whether the petitioner was or was not the widow of the deceased, whatever importance it may have in the determination of other controversies in which she may be interested, is a moot question in this case in the present condition of things; for, however that question should be decided, the petitioner cannot obtain letters of administration, and the letters of administration granted to other persons have been revoked.

The objection of laches is of no weight. No consent of parties can authorize this court to exercise jurisdiction over a case in which it is powerless to grant relief. *Little* v. *Bowers*, 134 U. S. 558, 559; *California* v. *San Pablo & Tulare Railroad*, above cited. The probate of the will was granted, and was known to both parties to this suit, ten days before the petitioner appealed from the decree of the surrogate's court. Yet neither party appears to have requested the surrogate to modify the form of his decree against the petitioner. Had the probate of the will been brought to the notice of either of the appellate courts of the State of New York, that court might probably have dismissed the case, for the reason that its decision could not be made effectual by a judgment. *People* v. *Clark*, 70 N. Y. 518, 520. The neglect of both parties to bring that fact to the notice of those courts affords no reason for this court's assuming to decide a question, the decision of which cannot affect the relief to be ultimately granted in this case.

*Writ of error dismissed.*