By the. Court.
Pending proceedings, as provided by Sections 1536-49 to 1536-58, Revised Statutes, for the annexation of the village of Collingwood to the city of Cleveland, by the vote of the electors of each and by ordinance, proceedings, as provided by Section 1536-58, Revised Statutes, for detaching therefrom a portion of the territory of the village and annexing the same to the city of Cleveland by the county commissioners, were had, and this suit was commenced in the court of common pleas by the plaintiff in error, a taxpayer of the village, to enjoin the defendant from reporting to the council a transcript of the annexation proceedings of the county commissioners. In. the court of common pleas relief *238 was refused; on error, in the circuit court, the judgment was affirmed and error is prosecuted in this court. Since the filing of the petition in error in this court the annexation proceedings have been completed and the entire village is now a part of the city. This fact is brought to our attention by an answer to the'petition in error, which has been filed and the facts therein stated admitted by the plaintiff in error to be true.
Counsel for plaintiff in error say that the solution of problems of great importance depends upon the construction of these statutes, and that the question presented is, whether a municipal corporation in Ohio may, without its consent, be substantially dissolved and disincorporated under the guise of the annexation of a part of its territory to an adjacent municipality. We concur in the opinion of counsel as to the importance of the construction to be placed upon these statutes and 'do not think we should express an opinion upon them in a case where the decision cannot be made effectual by a judgment. The whole village is now a part of. the city, and the determination of the questions presented by the record would, so far as this case is concerned, affect nothing but the question of costs. There is nothing left but a moot case. In Mills v. Green, 159 U. S., 651, 653, Mr. Justice Gray says: “The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot • affect the matter in issue in the case before it. *239 It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. And such a fact, when not appearing on the record, may be proved by extrinsic evidence.” This is followed in Kimball v. Kimball, 174 U. S., 158. To the same effect is The People, ex rel. Kingsland et al., v. Clark et al., 70 N. Y., 518, where an injunction was sought to restrain proceedings to incorporate a village and pending the application the incorporation was accomplished.
The petition in error is

Dismissed.

Summers, C. J., Crew, Spear, Davis, Shauce and Price, JJ., concur.