SLATER, Public Adm'r of City of St. Louis, Mo., v. THOMPSON et al.

(Circuit Court of Appeals, Eighth Circuit. January 13, 1919.)

No. 5222.

1. EXECUTORS AND ADMINISTRATORS ⚖⇒518(1)—PROPERTY SUBJECT TO ADMINISTRATION.

Where the property of a testator has been vested in the devisee by the probate court of the state where testator resided and where the will was probated, a part of the property situated in another state cannot be subjected to further administration proceedings therein.

2. EXECUTORS AND ADMINISTRATORS ⚖⇒35(20)—PUBLIC ADMINISTRATORS—EFFECT OF REMOVAL FROM OFFICE.

A public administrator, after his removal from office, has no interest in an estate of which he has taken charge which will support an appeal by him in a pending suit.

Appeal from the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Suit in equity by Morgan Jones, W. B. Thompson, and others against the Missouri-Edison Electric Company and others. Frank M. Slater, as Public Administrator of the City of St. Louis, appeals from an order denying his petition for intervention. On motion by appellees to dismiss appeal, and on motion of James P. Newell, Public Administrator of the City of St. Louis, Mo., to be substituted as appellant. Motion to be substituted denied, and motion to dismiss appeal sustained.

Wells H. Blodgett, George B. Webster, Henry W. Blodgett, and Walter N. Fisher, all of St. Louis, Mo., for appellant.

Daniel G. Taylor, Jacob Chasnoff, and George C. Willson, all of St. Louis, Mo., for appellees.

Before SANBORN, Circuit Judge, and TRIEBER, District Judge.

TRIEBER, District Judge. [1] The first motion is made by Theodore Rassieur, as administrator de bonis non cum testamento annexo of the estate of Eleneious Smith, Anna E. Bomar, and Douglas W. Robert, appellees, to dismiss the appeal of Frank M. Slater, public administrator of the city of St. Louis, as administrator of D. T. Bomar. Bomar's estate had been vested in the devisee under the will by the proper court of the state of Texas having probate jurisdiction of the estate, where the testator resided at the time of his death and where the will had been probated, before Slater as public administrator of the city of St. Louis, had attempted to take charge of that portion of the estate which was in the city of St. Louis, and before he was appointed administrator de bonis non cum testamento annexo. There was therefore no estate in the state of Missouri to be administered when Slater attempted to take possession of it. Morton v. Hatch, 54 Mo. 408; Richardson v. Busch, 198 Mo. 174, 95 S. W. 894, 115 Am. St. Rep. 472.

[2] Again, Slater was appointed by virtue of his office as public administrator, without any other bond except his official bond. On

⚖⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

June 25, 1918, he was removed as public administrator and as administrator of this estate. He has had and has therefore no interest whatever in the estate and no further right to act therein. California v. San Pablo & Tulare R. Co., 149 U. S. 308, 314, 13 Sup. Ct. 876, 37 L. Ed. 747; Kimball v. Kimball, 174 U. S. 158, 161, 19 Sup. Ct. 639, 43 L. Ed. 932; Tyler v. Judges of Court of Registration, 179 U. S. 405, 408, 21 Sup. Ct. 206, 45 L. Ed. 252; Keeley v. Ophir Hill Consolidated Mining Co., 169 Fed. 601, 605, 95 C. C. A. 99.

As Slater, before he was discharged as public administrator and as administrator of this estate, had no right to take charge of any part of it in the city of St. Louis, his successor as public administrator James P. Newell, has no right to or interest in it, and his motion to be substituted for Slater in this suit must be denied, and the motion of Mr. Rassieur and others to dismiss the appeal of Slater herein must be granted. Let orders be entered accordingly.