## In re MORRIS WHITE HANDBAGS CORPORATION.
### No. 360.

Circuit Court of Appeals, Second Circuit.
June 10, 1935.

828

Saul S. Myers, of New York City (Henry Cohen, of New York City, of counsel), for appellants.

Proskauer, Rose & Paskus, of New York City (Norman S. Goetz, Alfred Appel, and Jacob P. Aronson, all of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The facts necessary to an understanding of this appeal are somewhat complicated. In April, 1931, an equity receivership suit was begun against Morris White, Inc., a corporation engaged in the manufacture and sale of ladies' handbags, and on June 15, 1931, a decree was entered therein authorizing the sale of the assets of Morris White, Inc., under a plan of reorganization. This contemplated the formation of the Morris White Handbags Corporation (which later became the bankrupt in the case at bar), the transfer to it of all the assets of Morris White, Inc., and the payment of the latter's creditors in notes and preferred stock of the Handbags Corporation. The present appellants, for convenience referred to as the insurance companies, were creditors of Morris White, Inc., and objected to the plan of reorganization. They appealed to this court from the decree of June 15, 1931, and obtained a decision that they were entitled to be paid in cash so much as they would have received had the assets of Morris White, Inc., been disposed of at public sale, and that an appraisal must be taken to determine the amounts to be paid them. Coriell v. Morris White, Inc. (C. C. A.) 54 F.(2d) 255. Among the assets assigned to the Handbags Corporation was a claim for some $2,000,000 against Morris White Holding Company, Inc., a bankrupt. On November 28, 1931, immediately after the decision of this court in the Coriell Case, the Handbags Corporation purported to convey this claim without consideration to Morris White Properties Corporation, intended successor of the Holding Company. On February 2, 1932, the District Court entered an order on our mandate imposing a lien in favor of the insurance companies upon all the assets of Morris White, Inc., transferred to and remaining in the possession of the Handbags Corporation. The insurance companies carried the Coriell Case to the Supreme Court. While it was there pending the Handbags Corporation was adjudicated a bankrupt upon an involuntary petition filed April 13, 1932. Shortly thereafter the bankrupt's trustee petitioned for leave to compromise the aforesaid claim against the Holding Company in accordance with the terms of an offer made by Morris White Properties Corporation. The insurance companies appeared in opposition, asserting that the claim was impressed with a lien in their favor by virtue of our decision and the District Court's order of February 2, 1932. The referee in bankruptcy authorized the compromise and directed the trustee in bankruptcy to hold the consideration received therefor subject to further orders to be entered after the Supreme Court should decide the Coriell Case. This order the District Court confirmed on July 29, 1932. The insurance companies immediately appealed. Although their appeal was allowed on August 2, 1932, the appellants filed no record in this court until January 31, 1935; hence the delay in disposing of

it. On May 22, 1933, the Supreme Court handed down its decision in National Surety Co. v. Coriell, 289 U. S. 426, 53 S. Ct. 678, 77 L. Ed. 1300, 88 A. L. R. 1231. It reversed the decision of this court approving the plan of reorganization, and vacated the District Court's order of February 2, 1932.

The appellants seek reversal of the order appealed from, not because the District Court abused its discretion in authorizing the compromise of a claim whose value and status were in dispute, but because of the Supreme Court's subsequent decision in National Surety Co. v. Coriell, supra. They argue that reversal of the decree under which the assets of Morris White, Inc., were assigned to the Handbags Corporation invalidated the assignment and left the claim in question still belonging to Morris White, Inc.; and since the bankrupt had no title to it the order authorizing its compromise must be reversed. But the very argument on which they ask reversal demonstrates that they have no standing as appellants. They were not creditors of the bankrupt. Only as claimants of a lien upon the bankrupt's claim against the Holding Company had they any standing to object to the compromise. Their lien was created either by the District Court's order of February 2, 1932, or by our decision in November, 1931; and it was destroyed by the Supreme Court's reversal of our decision and vacation of the District Court's order of February 2d. Turner v. Kirkwood, 62 F.(2d) 256, 260 (C. C. A. 10). The changed situation, though occurring after the order appealed from, we must take note of and give effect. See Kimball v. Kimball, 174 U. S. 158, 19 S. Ct. 639, 43 L. Ed. 932; Gulf, etc., R. Co. v. Dennis, 224 U. S. 503, 32 S. Ct. 542, 56 L. Ed. 860. Having lost their status as lien claimants, they no longer have any standing to question the order of compromise. Hamilton Trust Co. v. Cornucopia Mines Co., 223 F. 494, 499 (C. C. A. 9). They are creditors of Morris White, Inc., and through it must assert whatever rights they may have with respect to the claim against the Holding Company. If the appellants are right that the Supreme Court's decision invalidated the transfer to the Handbags Corporation, then the receiver of Morris White, Inc., may prosecute the claim, disregarding the transfer to the Handbags Corporation and its transfer to Morris White Properties Corporation. Or the receiver may seek by a suit in equity to which Morris White Properties Corporation is a party, to set aside the transfers. If the receiver refuses to assert its rights in these or other ways, perhaps the appellants may do so. In any event, the validity of the transfers must be tested in some such proceeding; a reversal of the order for compromise would not avoid the necessity for it.

For the foregoing reasons the dispute as to the correctness of the order appealed from has become moot as to the appellants and their appeal must be, and is, dismissed.