## In re JULE MOTOR CORPORATION.

### No. 24194.

District Court, N. D. New York.

March 25, 1940.

Costello, Cooney & Fearon, of Syracuse, N. Y. (Laurence Sovik, of Syracuse, N. Y., of counsel), for receiver of Salt Springs National Bank.

Albert Oot and Morris Berman, both of Syracuse, N. Y., for opposing creditors.

George A. Langan, of Syracuse, N. Y., for trustee.

COOPER, District Judge.

This is a review of the decision of the successor referee in bankruptcy, denying the application of George M. Haight as Receiver of the Salt Springs National Bank of Syracuse for an order directing the reconsideration of the claims of various creditors whose claims had been allowed herein by the deceased predecessor referee.

The ground of the decision under review was that the order of the predecessor Referee is res adjudicata and binding on the successor Referee, there having been no review of such order.

The bankrupt filed its voluntary petition on August 28, 1936, was adjudicated the same day and the order of reference was made on August 31, 1936.

A receiver was appointed August 29, 1936, and a trustee was elected February 15, 1937.

The claims of the creditors here sought to be reviewed were allowed at said first meeting and voted for the successful candidate for trustee.

Counsel for the receiver of the Salt Springs Bank objected to the allowance of these claims and to their right to vote for the trustee.

On April 14, 1938, the assets of the bankrupt were sold to one of the officers and directors of the bankrupt for approximately $10,000. The sale was not confirmed until November, 1939, the purchaser meantime remaining in possession, the purchased property being used by him.

The purchase price was then paid and the trustee made his final accounting and notice was given of a final meeting of creditors to approve said account, declare a dividend, make allowances, etc.

The matter was stayed by order of the Court until the hearing of the application of the bank receiver for a review of the election of the trustee based upon the invalidity of the votes of creditors whose claims the bank receiver contended should not have been allowed or were allowed in excess of the proper amount. This review was denied. Thereupon the bank receiver moved before the Referee for the reconsideration of the claims allowed and upon his denial of such motion, brought this review.

Ten claims were allowed for a total sum of $102,442.76 besides two claims of the State of New York for a total of $175.

The bank receiver asks re-consideration of all the claims allowed except those represented by his attorneys, the two state tax claims and the claim of the Syracuse Lighting Company in the sum of $39.14.

The claims represented by the attorneys for the bank receiver and other than the receiver's claim are two:

Acme Pattern and Machine Company Inc., $281.88.

T. Otto Lumber Company, $7.50.

The bank receiver's claim is $18,275.87.

It thus appears that if all the claims whose reconsideration is sought can be re-considered and disallowed, the bank receiver will receive nearly all the assets of the estate on the distribution thereof.

But even so, if these claims are not properly allowable, they should be disallowed.

The creditors opposing reconsideration, hereinafter called opposing creditors, raise these main contentions:

1. That the Trustee only may apply for reconsideration of allowed claims and that if he refuses to do so, the only remedy of those seeking reconsideration is to apply for an order directing the Trustee to ask for such reconsideration and such procedure not having been had here the order of the Referee should be affirmed.

2. That the present Referee was right in holding that the decision of the predecessor referee in allowing the claims is res adjudicata and should be affirmed.

3. That the application for reconsideration is nothing but an attempt to revive the right to review of the allowance of these claims and should be denied.

To support their first contention the opposing creditors rely upon: In re Lewensohn, 2 Cir., 121 F. 538, certiorari denied 189 U.S. 513, 23 S.Ct. 853, 47 L.Ed. 924; In re Fine, D.C., 300 F. 429, and Remington on Bankruptcy, Vol. 2, Section 1023 and cases cited.

The Lewensohn case was decided in 1903 by the Circuit Court of Appeals in the Second Circuit.

The decision is under Section 57, sub. k, of the Bankruptcy Law, 11 U.S.C.A. § 93, sub. k, and General Order No. 21, 11 U.S. C.A. following section 53.

Section 57, sub. k, 11 U.S.C.A. § 93, sub. k, provides that allowed claims may be reconsidered for cause shown but does not provide that a creditor may obtain such reconsideration.

General Order 21 was then substantially the same as now and reads in subdivision (6) as follows:

"(6) When the trustee or any creditor or the bankrupt or debtor shall desire the reconsideration of any claim allowed against the estate, he may apply by petition to the referee to whom the case is referred for an order for such reconsideration, and thereupon the referee shall make an order fixing a time for hearing the petition * *.

"At the time appointed, the referee shall take the examination of the creditor, and of any witness that may be called by either party * * *."

This Lewensohn decision apparently holds that a creditor may not obtain reconsideration of a claim of another creditor

when the trustee "does not approve, or when, in the interests of all, the trustee should conduct the proceeding." [121 F. 540].

But in Re Sully, 152 F. 619, 621, decided in 1907, the same Court reversed the order of the lower court, denying certain creditors leave to re-examine the claims of certain other creditors, and granted such leave.

The Court held that the re-examination should be "instituted and conducted by the petitioners in the name of the trustee, through attorneys and counsel selected by them, and at their expense."

The Lewensohn case is cited as authority.

The Fine case, supra is a decision by the District Court of Connecticut holding that only the trustee may have reconsideration of claims. This decision is expressly based on the Lewensohn case and makes no reference to the Sully case and is not controlling here.

In Jones v. Clower, 5 Cir., 22 F.2d 104, the Court held that a creditor had a right to ask for a reconsideration of an allowed claim where the trustee did not do so. That Court also held that the Court could of its own motion reconsider an allowed claim, citing: International Agricultural Corporation v. Cary, 6 Cir., 240 F. 101.

In re Munsie, 2 Cir., 33 F.2d 79, 80, the Court held that: "General Order XXI (6) implies that only the trustee or a creditor may ask for reconsideration of a claim."

McLeod v. Boone, 9 Cir., 91 F.2d 71, cited by objecting creditors seems lacking in analogy, as is also: In re Jayrose Millinery Company, 2 Cir., 93 F.2d 471, cited by the bank receiver here.

▮ The controlling authority is that creditors, as well as the trustee, may apply for reconsideration of the claims of other claimants and that the allowance of such claims by the referee in the first instance is not res adjudicata.

▮ The reconsideration may be allowed at any time before the estate is settled, Section 57, sub. k, 11 U.S.C.A. 93, sub. k, but there must be some reasonable ground shown.

That such is the case here is evident from the declaration of the Referee in his memorandum that there was ground for granting such reconsideration but that he felt himself conclusively bound by the decision of the predecessor referee as a thing finally adjudicated.

The next consideration is whether or not there are grounds on which the Court in its discretion should nevertheless deny reconsideration.

About three years have elapsed since the claims were allowed by the predecessor referee. Has the status of any of the claimants been materially changed in the meantime?

▮ Lapse of time is likely to bring death, loss of records and of memory, absence of witnesses and sometimes hostility of witnesses due to discharge or other like cause as well as other possible handicaps.

If any claimant shows that he will be irreparably or materially injured if compelled to prove his claim after the lapse of so long a time, the court may hold the applicant for reconsideration estopped from taking advantage of the claimant's detriment which presumably would not have arisen had the applicant for reconsideration exercised reasonable diligence.

Especially is this so where, as here, some of these claimants were examined at some length by the attorney for the bank receiver and when the allowance of these claims, or at least some of them, was objected to.

▮▮ It appears that one of the claimants, Lloyd C. Moulton, died December 2, 1939. It is claimed that no detriment will arise because the person who performed all or nearly all the services for the value of which the claim was filed and allowed is living and available as a witness.

But the Court cannot satisfactorily determine that no detriment will arise. It will be presumed that, when a party in interest dies, those who succeed to his interest will be prejudiced by being compelled to prove the claim after his death and without his knowledge, assistance and advice. That presumption cannot be overthrown except by clear and convincing proof.

The Court therefore finds that reconsideration of the claim of Lloyd C. Moulton, Manf. Consulting Engineer, must be denied.

▮ The objecting creditors urge that this application for reconsideration of these three claims is only a device to obtain a revival of the right of review of these claims allowed three years ago and which

review has been lost by failure to apply for review, and should be denied.

Be that as it may, Section 57, sub. k, allows a reconsideration of allowed claims at any time before the estate is settled. Failure to settle the estate more promptly cannot be ascribed to the bank receiver, however negligent he may have been in not seeking a review of the allowance of these claims at the time of their allowance.

In any event there can be no estoppel arising from the mere lapse of time in view of Section 57, sub. k, so long as the estate has not been settled.

The opposing creditors urge other grounds for denial.

It is not necessary to consider alleged admissions in other proceedings by the attorneys for the bank receivers here nor the charge that the attorneys for bank receiver here filed one of the claims sought now to be reconsidered.

Even if true, these things are not sufficiently applicable on this review to require denial of the application for reconsideration.

No other tenable grounds are urged.

The application for reconsideration must be granted as to all the claims sought to be reconsidered except the Moulton claim, and all claims under $100.

After payment of the expenses of administration by the receiver and trustee and the prior claims, it is doubtful whether as much as 10% will be received by the general creditors.

The amounts likely to be realized on the following claims are so small that it would be most inequitable to compel reconsideration undoubtedly at a cost exceeding all possible recovery and approaching legal coercion toward abandonment of claim:

Chapman Lumber Company....... $38.84
E. R. Caldwell Brass Company.... 28.19
Syracuse Lighting Company....... 39.14
A. Brayton Nye .................. 7.20

Reconsideration of each of these claims is denied.

This leaves the claims subject to reconsideration as follows:

Receiver of Julian S. Brown... $79,525.35
Wolf & Dungey Inc.......... 573.64
                          _____
                          $80,098.99

The matter is sent back to the referee for reconsideration of these two claims within the provisions of the statute and general orders.

But, as held in the Sully case, supra, the reconsideration must be in the name of the trustee, by attorneys and counsel selected by the bank receiver and at his expense.

If, however, upon such reconsideration, the total of the two claims is reduced by one-third or more, a reasonable allowance for services and expenses may be made by the referee, payable out of the estate.

Under the situation here existing, such reduction will increase the pro-rata distribution to all the other claims and the reasonable expense of obtaining such pro-rata increase may properly be paid out of the estate. A proportion of such allowance will also of necessity fall on the contested claims in view of such reduction in the amount allowed and the reduced amount of the estate available for distribution due to such allowance.

An order may be entered in accordance herewith.