### In re A. J. & J. J. McCOLLUM, Inc.
### No. 37688.

District Court, E. D. New York.
Jan. 2, 1941.

Dorsey, Adams & Walker, of New York City, for trustee.

William J. Walker, of New York City (Samuel Duberstein, of Brooklyn, N. Y., and Max Schwartz, of New York City, of counsel), for the motion.

William C. Chanler, Corp. Counsel, of New York City (Sol Charles Levine and Bernard H. Sherris, both of New York City, of counsel), opposed.

CAMPBELL, District Judge.

This is a motion for an order dismissing upon the merits the petition of the City of New York, dated November 14th, 1940, to review the order of Eugene F. O'Connor, Jr., Esq., referee in bankruptcy, dated November 1st, 1940, etc.

A claim was originally filed by the City of New York for sales taxes in the sum of $25,000, thereafter an amended proof of claim was filed in the sum of $8,857.53.

Objection to the allowance of the said claim in said sum was made by the trustee, and thereafter on stipulation the claim was reduced to $4,785, and allowed in said sum as a priority claim. An order was entered by the referee on such stipulation on August 1st, 1940.

The decisions in both the Federal and State Courts at the time of the execution of the said stipulation and the making of the order by the referee seemed to hold that the claim of the City of New York for sales taxes was entitled to be allowed as a priority claim in bankruptcy against the estate.

Subsequent to the making of the order of August 1st, 1940, by the referee herein, to wit: on August 8th, 1940, a decision was made by Hon. John W. Clancy, United States District Judge, in the Southern District of New York, in a case entitled In the Matter of National Studios, Inc., Bankrupt,[1] holding that a claim of the City of New York for sales tax is not entitled to priority under Section 64, sub. a(5) of the Bankruptcy Act, as amended in 1938 (Chandler Act) 11 U.S.C.A. § 104, sub. a(5). That decision is based upon the fact that the sales tax is a tax on the purchaser and not on the vendor (the bankrupt); and that it (the bankrupt) is under a duty only to collect and pay over to the City the tax in question; that such obligation results in making the claim of the City of New York a debt, and not a tax, and therefore not entitled to priority.

I am in accord with the reasoning of that decision and accept it as the law in this case. The contention of the City of New York that the decision in the Matter of National Studios, Inc., supra, is not applicable in this case as there is a distinction under that decision, as to amount collected by the bankrupt as vendor, and amounts of taxes due from it as vendee, requires no further consideration, as there is no apportionment made by the City in the amount claimed, as to what is due from the bankrupt as vendor, or vendee, priority being claimed for whole claim.

The principal ground of objection of the City of New York to the referee's order, which it seeks to review, relates to the reconsideration by the referee of the original order allowing its claim as a priority claim, and reclassifying it as a general claim.

---

[1] No opinion for publication.

In so doing, it seems to me that the referee was acting in accord with Section 57, sub. k of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. k, and General Order XXI (6), 11 U.S.C.A. following section 53.

The exact, but converse situation, existed in In re Jayrose Millinery Co., 2 Cir., 93 F.2d 471, 473, in which the City of New York, which had filed a priority claim for sales taxes, which, because it was believed, under the decisions, that claim was not entitled to priority, was allowed as a general claim, and subsequently upon the petition of the City of New York, based on decisions rendered in In the Matter of Atlas Television Co., Inc., 273 N.Y. 51, 6 N.E.2d 94, and New York City v. Goldstein, Trustee in Bankruptcy, 299 U.S. 522, 57 S.Ct. 321, 81 L.Ed. 384, a motion to have its general claim transformed into a priority claim, although denied by the referee and the District Court, was granted by the Circuit Court of Appeals, which reversed the Court below and granted the City's motion allowing the claim as a priority claim.

Authority for the right of the referee to reconsider a claim previously allowed is found in Section 57, sub. k of the Bankruptcy Act. Fulton Nat. Bank of Atlanta et al. v. Gormley, Superintendent of Banks, 5 Cir., 99 F.2d 464; Jones v. Clower, 5 Cir., 22 F.2d 104; In re Huffman & Co., 7 Cir., 15 F.2d 845; In re Jule Motor Corporation, D.C., 34 F.Supp. 742.

The original order of the referee allowing the claim as a priority claim was not shown to be the result of any compromise. Certainly there was no compromise under the law on any order of the Court approving the same as no such order was shown to have been made. Neither side gave up any thing which it might have retained under the law, as it was then believed to be.

■ There is no evidence that the City could have proved its claim for a greater sum, or that the trustee believed, at that time, that he could have resisted the allowance of priority. The City was not lulled into a sense of security as to its priority, nor did it give up anything to secure it, and the estate, not having been closed, the lapse of time does not estop the trustee from doing in this case what the City of New York did in the case of In re Jayrose Millinery Co., supra.

The cases cited on behalf of the City of New York on the question of the power of the court to amend an order entered as a result of a compromise, are not in point, because as I have shown there is no proof before this court that the original order of the referee, allowing the claim as a priority claim, was the result of any compromise.

The motion is granted, the petition to review is overruled and dismissed, and the order of the referee of November 1st, 1940, which it is sought to review herein, is confirmed.