In re GEORGE R. BURROWS, Inc.

HELLIWELL et al. v. GEORGE R. BURROWS, Inc.

No. 276, Docket 20169.

Circuit Court of Appeals, Second Circuit.

July 11, 1946.

Daniel Diamond, of New York City (Thomas Jefferson Ryan, of New York City, of counsel), for appellants.

Samuel N. Haberman, of New York City (Morris Ehrlich, of Brooklyn, N. Y., of counsel), for appellee.

Before L. HAND, SWAN and CHASE, Circuit Judges.

CHASE, Circuit Judge.

An involuntary petition in bankruptcy was filed against the appellee in the District Court for the Southern District of New York on June 12, 1942. The alleged bankrupt thereafter submitted to its creditors an offer of composition which was agreed to and confirmed by an order of the court, jurisdiction being retained while the composition was carried out. Creditors then filed claims to some of which the bankrupt, thereafter called the debtor, objected and the composition was not carried out. The appellee, called the debtor in this record, was then adjudicated a bankrupt and by stipulation its trustee was substituted for it in the proceedings. The trustee objected to claims for overtime compensation and liquidated damages filed by the appellants under § 7(a) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 207(a), and when they were expunged by the referee and his order confirmed appealed from that order to this court. The record being deficient, we reversed and remanded so that the referee might make the necessary findings and an appropriate order be entered. Helliwell v. Haberman, 2 Cir., 140 F.2d 833.

The referee then found, inter alia, "That the so-called payroll books produced by the claimants were manufactured for the occasion and that no concurrent records of overtime were kept by them." He also found, "That there is no evidence which I believed, establishing the number of overtime hours worked by claimants and the amount of wages due them.", and that, "claimants have failed to sustain the burden of proof of establishing by a preponderance of evidence the number of hours and overtime hours each worked and the amount of any of the wages due to them."

■■ As the record does not contain the testimony before the referee we lack the material from which we might determine whether the findings are clearly erroneous. It does, indeed, contain the proofs of claims and apparently the appellants believe that they alone are sufficient to show that the findings are erroneous. They seem to have confused the prima facie effect of a proof of claim with the burden to prove the claim itself when it is met by opposing evidence. While it is true that the proofs filed established the claims prima facie, Whitney v. Dresser, 200 U.S. 532, 26 S.Ct. 316, 50 L.Ed. 584, as soon as the trustee introduced any substantial evidence in opposition the claimants needed to establish by a preponderance of all the evidence that the claims as filed were based on facts which entitled the claimants to their allowance under the law. The burden of over-all proof was then on the claimants. In re Youroveta H. & F. T. Co., Inc., 2 Cir., 297 F. 723; Alexander v. Thelemen, 10 Cir., 69 F.2d 610; Rasmussen v. Gresly, 8 Cir., 77 F.2d 252; George Lawley & Son Corp. v. South, 1 Cir., 140 F.2d 439, 151 A.L.R. 1081. As the appellants have not brought up a record which shows that they did carry the burden of proof the findings above quoted must be given effect on this appeal.

■ The appellants have challenged the standing of the trustee to object to the allowance of their claims, and in support of this contention cite cases dealing with situations in which the objector was found to have no standing, e.g. wherein a bankrupt was held to have no interest to secure an increase of a claim, In re Munsie, 2 Cir., 33 F.2d 79, or wherein the creditors of a creditor of a bankrupt were held to have no standing to object to other claims, In re Morris White Handbags Corp., 2 Cir., 77 F.2d 827, or wherein a creditor who became a stockholder in a reorganized corporation was held thereby to have lost his standing to object to claims, In re Michigan-Ohio Building Corp., 7 Cir., 117 F.2d 191. But in the present case, whether we assume that the arrangement is still operative or that the trustee in bankruptcy has been substituted for the debtor, there is a direct pecuniary interest in the objector in the disallowance of the appellants' claims. And "the trustee or any creditor or the bankrupt or debtor" may raise the objection, General Order 21(6), 11 U.S.C.

A. following section 53, and this even after confirmation as long as the estate has not been finally settled. Bankruptcy Act, § 57, sub.k, 11 U.S.C.A. § 93 sub.k; In re Jule Motor Corp., D.C.N.D.N.Y., 34 F. Supp. 742; see In re Lewensohn, 2 Cir., 121 F. 538, certiorari denied 189 U.S. 513, 23 S.Ct. 853, 47 L.Ed. 924.

■ The appellants also challenge the authority of the referee, under our first decision in this case, to make such findings as above, rather than to find solely on the issue of whether the appellants were executive or administrative employees. But our former opinion decided only that the referee must follow the procedure prescribed by General Orders 47 and 37, and that it was improper for the district court to affirm an order not grounded on findings of fact and conclusions of law. Our mandate only required the referee "to make the necessary findings and enter the appropriate order." That was done.

Order affirmed.