In re GIRARD GLAZED KID CO. (No. 2.)

(District Court, E. D. Pennsylvania. March 27, 1905.)

No. 1,767.

BANKRUPTCY—JURISDICTION—CONTROVERSIES BETWEEN CREDITORS.

A claimed indebtedness from one creditor of a bankrupt to another, growing out of transactions not connected with the bankruptcy proceedings, cannot be litigated in such proceedings or adjusted in the distribution of dividends.

On Certificate by Referee Concerning Claim of Clara V. Illingsworth.

George L. Crawford, for Clara V. Illingsworth.
Arthur E. Weil, for trustee.

J. B. McPHERSON, District Judge. I regret to find myself compelled to disagree in part with the conclusions reached by the learned referee. As I look at the matter, no such question as the true amount of Clara Illingsworth's claim against the bankrupt was considered or decided in the opinion filed May 5, 1904, reported in 129 Fed., at page 841. All that is said there concerning the amount of her claim is mere narrative, in order to explain how the question arose that was decided, namely: Was Barbara Swartz so far disqualified from filing a petition in bankruptcy that the proceeding must be dismissed? The ground of her supposed disqualification was the alleged preferential payments that had been made to her, and these were held to be protected from attack by the lapse of time. I certainly had no intention of even appearing to sanction the wrong that had been done to Clara Illingsworth by the joint act of her agent and the son of Barbara Swartz, and I am unable to see that such an unintended result is necessarily involved in the decision, and has now become irrevocable under the doctrine of res judicata. I think, therefore, that the full amount of the claim in question should have been allowed, and to that extent the order of the referee must be reversed, with instructions to revise his scheme of distribution in accordance with this opinion.

But I agree with his conclusion that the equities between Barbara Swartz and Clara Illingsworth cannot properly be adjusted in this proceeding by deducting from the dividend payable to the former a sum that will make good to the latter the amount which she would have received under the agreement of January 20, 1903, if her claim had not been wrongfully reduced on the bankrupt's books. This is a dispute that has nothing to do with the bankruptcy proceedings, nor with the ascertainment of the true amount of the claim. It is a controversy growing out of a transaction that took place between these two persons before the petition was filed, and concerns a sum of money that came into Barbara Swartz's possession at that time, and has remained in her possession ever since. It is an independent controversy about the ownership of money that is not a part of the fund for distribution, and this court cannot take jurisdiction of the dispute and decide it in the roundabout manner that has been suggested. If Barbara Swartz has money in her possession that belongs to Clara Illingsworth, ex æquo et bono, the proper tribunal is open for an appropriate suit. To take other money from the former, and decree it to the latter in this proceeding, would be to confuse two distinct and separate suits having nothing to do with each other. Of the action in bankruptcy the district court has jurisdiction; but it has no jurisdiction of a suit to recover from Barbara Swartz any excess of payments that she may have received under the agreement of January 20, 1903. Such a suit is not involved in the settlement of the bankrupt estate.

The order of the referee refusing to allow a deduction of $2,714.01, with interest, out of the dividend awarded to Barbara Swartz, is approved.