ASSETS REALIZATION CO. v. SOVEREIGN BANK OF CANADA et al.

(Circuit Court of Appeals, Third Circuit. January 19, 1914.)

No. 1776.

1. BANKRUPTCY (§ 308*) — CLAIM—IMPORTED GOODS — BANKER'S TRUST RECEIPTS.

A bank, having furnished money or credit with which wool was imported from Russia, taking bills of lading in its own name and the usual trust receipts, continued to be the owner when the wool was sold by the importer until title passed to the purchaser, who thereafter became a bankrupt, and then was the owner of the account for the purchase price. *Held*, that the bank alone was entitled to prove the claim for the price against the estate of the bankrupt purchaser, of which right it was not deprived by the fact that a claim was filed by the importer, and after payment of a dividend thereon was assigned to another whose claim would be expunged.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 496–507; Dec. Dig. § 308.*]

2. BANKRUPTCY (§ 457*)—RIGHT TO APPEAL—CONTROVERSY.

Where an importer of wool, the title to which was in a bank that had advanced moneys and credit to purchase the same, sold it to a buyer who became a bankrupt, and the importer, after proving the claim against the bankrupt's estate, assigned it to another, after which the bank was held to be the owner and the only one entitled to prove the same, whereupon the claim of the importer was expunged, there was a sufficient controversy between the bank and the assignee to entitle the latter to appeal.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 917; Dec. Dig. § 457.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Appeal from District Court of the United States for the Eastern District of Pennsylvania; John B. McPherson, Circuit Judge.

In the bankruptcy proceedings of the James Dunlap Carpet Company an order (206 Fed. 726) was entered permitting the Sovereign Bank of Canada to prove a claim for wool sold to the bankrupt by one Joseph Reichardt, and the Assets Realization Company, as assignee of Reichardt for a balance of the claim unpaid, appeals. Affirmed.

William Ewin Bonn, of Baltimore, Md., for appellant.

Rounds, Hatch, Dillingham & Debevoise, of New York City (Ralph S. Rounds, of New York City, of counsel), for appellees.

Before GRAY and BUFFINGTON, Circuit Judges, and YOUNG, District Judge.

GRAY, Circuit Judge. The James Dunlap Carpet Company was adjudicated a bankrupt on March 30, 1907. On April 5, 1907, Joseph Reichardt, who was in the wool business in New York City, filed a claim on the bankrupt estate for $11,212.11, for wool sold by him to the bankrupt in December, 1906, and January, 1907.

The claim of Reichardt was allowed by the referee, one dividend thereon was paid to Reichardt, and in September, 1907, the claim was sold and assigned by him to the Assets Realization Company.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On February 27, 1908, the Sovereign Bank of Canada presented a claim to the referee for $11,212.11, for the identical wool mentioned and referred to in the claim of Joseph Reichardt. Objections were filed to this latter claim by the trustees of the bankrupt's estate and by the Assets Realization Company, Reichardt's assignee. The District Court allowed the claim of the Sovereign Bank and expunged the claim theretofore allowed to Reichardt. The appeal now before us was taken by the Assets Realization Company and allowed by the court below against the Sovereign Bank of Canada and the trustees in bankruptcy of the Carpet Company.

[1] The facts as to the dealings between Reichardt and the Sovereign Bank of Canada, upon which the title claimed by the bank to the wool in question was founded, are not in dispute, and we avail ourselves of the statement of the same made by the counsel for the bank.

Joseph Reichardt, trading under the name of Reichardt Bros., was engaged in the wool business during 1906 and previously. In order to make importations of wool, large capital is required, as the cost of the wool has to be paid to the wool growers and small dealers in Siberia, Afghanistan and other foreign lands, long before the wool reaches this country, and, in order to finance his importations, Reichardt made arrangements with the Sovereign Bank of Canada to issue to him many letters of credit, extending over long periods. The course of this business was that Reichardt applied to the Sovereign Bank of Canada for a letter of credit and the bank issued such letter in the form that had become customary in transactions of this kind between importing merchants who need banking credits, and the bank furnishing the same. Reichardt executed a letter of obligation in respect to the credit thus issued, on the usual form in such cases, whereby title to the property purchased and to be imported is vested, in compliance with the terms of the letter of credit, in the bank issuing the same. Reichardt's agent in Russia then drew drafts for the purchase price of wool upon the correspondent whom the bank had authorized to accept bills drawn in accordance with the letter of credit. Original invoices of the wool to be so paid for were made out by Reichardt Bros.'s agent in Russia, in favor of the Sovereign Bank of Canada, and attached to each draft drawn upon the bank's correspondent. The bank's correspondent, on receipt of each draft and the documents attached, sent notice to the Sovereign Bank of Canada that it had accepted a draft for so much money under such and such a letter of credit, and charged the bank's account with the amount of the acceptance; and it forwarded to the bank, with this notice, the original invoice which Reichardt's Russian agent had attached to his draft. The goods were then shipped to New York through shipping agents, to whom the bank's correspondent delivered the receipts that had been given by the original carrier when the wool was forwarded from the indorser. The bills of lading obtained by these shipping agents were made out either to their own order and indorsed by them, or to the order of the Sovereign Bank of Canada, as required by the terms of the letter of credit, and sent to the bank. When the bills of lading reached the bank, it delivered them to Reichardt Bros., upon their giving a trust receipt, as is the custom in these transactions. The goods would then be warehoused in the bank's name

and warehouse receipts delivered to the bank. When Reichardt made a sale, he would apply to the bank for a delivery order on the warehouse, get the wool, forward it, and send the invoice to the bank, which forwarded it to the purchaser with instructions to remit to the bank in payment of the same.

Such was the general course of business in a letter of credit transaction, and the testimony on the subject is undisputed.

This well established custom, by which importers may so avail themselves of a bank's credit as to enable them to transact an importing business to a larger extent than would be possible upon private credit, and with such entire safety to the bank as enables the bank to charge only a small commission for the service rendered, has been recently considered by this court in the case of Century Throwing Co. v. Muller, Schall & Co., 197 Fed. 252, 116 C. C. A. 614, and the legal protection secured to the bank by the methods adopted in accordance with that custom recognized.

[2] The defendant in error has moved to dismiss the present appeal, on the ground that no controversy properly exists between the Sovereign Bank of Canada and the Assets Realization Company, assignee of the claim proved by Reichardt Bros., on account of the sale of this wool. Much ingenious argument has been indulged in by the learned counsel in support of this motion. The argument, however, is largely technical, and does not appeal to a court exercising the equitable powers with which a bankruptcy court is vested. Although the underlying merits of this motion is discussed in an opinion of the learned judge of the court below, to which we have referred, we will here observe that that portion of the order which allows the claim of the Sovereign Bank, does directly and particularly affect the appellant. By that order, appellant's claim was practically disallowed, and this appeal involves the question as to which of two claimants is entitled to the benefit of the claim for certain wool sold to the bankrupt. The real question is, to whom do the dividends on the claim belong? The appellant, therefore, in respect to the claim growing out of the sale of this wool, occupies a position very different and distinct from that of all other creditors, and for reasons stated in the opinion of the court below, the motion to dismiss is formally refused, however unimportant that refusal may be in the view taken by this court upon the merits of the case, as raised by the appeal.

The title of the bank to the goods in question and to the indebtedness arising upon the sale thereof to the bankrupt, down to the assignment of the bankrupt's claim by Reichardt Bros. to the appellant, is not seriously, if at all, disputed. The only question, therefore, remaining for determination is, whether that title has been divested by any conduct of the bank amounting to a private estoppel. This and all other subsidiary questions relating thereto have been so clearly and satisfactorily dealt with by the court below, that it is unnecessary for us to add anything to the opinion which it has delivered. In re Dunlap Carpet Co. (D. C.) 206 Fed. 726.

We therefore affirm its judgment.