**NOLTE et al. v. HUDSON NAV. CO. and three other cases.**

(Circuit Court of Appeals, Second Circuit. July 13, 1926.)

No. 385.

Appeal and error ⬗151(6)—Claim of government in consolidated foreclosure and creditors' bill held not adversely affected by final decree of sale, and appeal therefrom dismissable.

Final decree directing sale of defendants' property in consolidated foreclosure and creditors' bill *held* not to adversely affect government's claim previously allowed without priority by a decree not appealed from, and hence appeal by government, which was not a party by intervention or otherwise, from decree of sale, was dismissable.

Appeal from the District Court of the United States for the Southern District of New York.

Consolidated foreclosure and creditors' bills by Charles H. Nolte, the Farmers' Loan & Trust Company, trustee, and the National Commercial Bank & Trust Company of Albany, trustee, against the Hudson Navigation Company, wherein Elizabeth M. Nolte, executrix, and Frederick W. Nolte, executor, under the last will and testament of Charles H. Nolte, were substituted as parties. From a final decree of sale, the United States, a claimant, appeals. Appeal dismissed.

See, also, 11 F.(2d) 680.

Emory R. Buckner, U. S. Atty., of New York City (Sherwood E. Hall, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Geller, Rolston & Blanc, of New York City (Mansfield Ferry, David M. Milton, and Irving G. Idler, all of New York City, of counsel), for appellee Farmers' Loan & Trust Co.

Murray, Aldrich & Roberts, of New York City (William M. Evarts and Hugh L. M. Cole, both of New York City, of counsel), for appellee Equitable Trust Co. of New York.

Graham, McMahon, Buell & Knox, of New York City (Edward Ward McMahon and William H. Hall, both of New York City, of counsel), for appellee National Commercial Bank & Trust Co.

Before MANTON, HAND, and MACK, Circuit Judges.

MACK, Circuit Judge. In this consolidated foreclosure and creditors' bill cause the United States filed a claim for transportation taxes collected on its behalf by the original defendant, claiming priority over general creditors. The receiver petitioned for instructions; the matter of priority was contested as between the United States and parties to the cause; the claim was allowed as a general claim, but disallowed as to any preference or priority, by order of August 4, 1924; on appeal the order was modified ([C. C. A.] 8 F.[2d] 859), by adding a provision for interest, if the estate should prove more than sufficient to pay all general creditors in full. Pursuant to the mandate, an order to this effect was entered in the District Court on August 20, 1925. No further review, either of the modifying order of this court or of the order of August 20, 1925, has been sought. On December 1, 1925, a final decree of sale was entered in the consolidated cause. This decree was affirmed in this court on appeal of other parties, and after the present appeal was taken, on April 5, 1926.

The United States was connected with the consolidated cause only as one having a claim, either general or, as asserted, preferred as to other general creditors, against defendant Hudson Navigation Company. It never became a party to the cause by intervention or otherwise.

The object of the present appeal from the decree of December 1, 1925, or from so much thereof as is alleged to affect injuriously the rights of the United States, is to obtain for the United States priority over general creditors in the so-called free assets fund resulting from the sale, notwithstanding the decree of August 20, 1925.

The government contends that our opinion and decision were based upon the assumption or possibility of the principal defendant's solvency; that insolvency is now estab-

lished by the final decree; that on this changed condition of the record the direction in the mandate for further proceedings in accordance with the decision of this court makes the order of August 20, 1925, merely interlocutory; but that, as the District Court, in its decree of December 1, 1925, reserved jurisdiction only as to those claims that had not already been passed upon, "from a practical view of the proceedings leading up to the final decree" the government's claim was not contemplated or included as so reserved. Therefore the effect of the decree of December 1, 1925, is to make the order of August 20, 1925, final as to the claim to priority, and thus this decree of December 1, 1925, adversely affects that claim. On the merits it urges that, under Bramwell v. U. S. Fid. & Guar. Co., 269 U. S. 483, 46 S. Ct. 176, 70 L. Ed. ——, Price v. U. S., 269 U. S. 492, 46 S. Ct. 180, 70 L. Ed. ——, and U. S. v. Butterworth-Judson Co., 269 U. S. 504, 46 S. Ct. 179, 70 L. Ed. ——, it is clearly entitled to the asserted priority.

A motion to dismiss the appeal was reserved until the hearing on the merits. Appellees contend in support of the motion that the United States, not having been a party to or intervener in the consolidated cause, cannot appeal from the decree of sale of December 1, 1925; that in any event that decree does not affect the United States adversely, for, if the decree of August 20, 1925, be a final one, the question of preference has been finally adjudicated by it, and not by the decree now appealed from; if, on the other hand, it be interlocutory, then by the decree of sale it is reserved for future determination. On the merits they urge that the decree of August 20, 1925, is final, and that the failure to have it, or our decision upon which it was based, reviewed, bars further consideration as res adjudicata, and that in any event our decision, right or wrong, has become the law of the case, upon which the parties relied in connection with the sale.

We are in entire agreement with the contention that the rights of the United States are unaffected by the decree of December 1, 1925. Whatever the District Judge might then have thought as to the finality of the decree of August 20, 1925, he did not in the decree of sale redetermine that matter; he merely directed payment of claims in such order and amount as had been or should be allowed, and reserved jurisdiction upon application for preference to direct payment thereof, "in case such preference is or has heretofore been allowed." If the matter of priority over general creditors had theretofore been finally adjudicated, the decree of sale did not, as it could not, effectively change it; if, on the other hand, despite the fact that the District Court, as well as this court, necessarily assumed the order of August 4, 1924, to be final, the decree of August 20, 1925, be interlocutory, the question of priority remains for further final determination under this reservation and unaffected by the decree of sale. As the United States is neither a party to the cause nor adversely affected by the terms of the decree, it cannot appeal therefrom.

As the motion to dismiss the appeal must be granted, we are thereby necessarily precluded from expressing any opinion, either on the finality of the earlier decree or on the merits of the controversy.

Appeal dismissed.