224

In re WILKES.

## LESLIE v. KNIGHT SODA FOUNTAIN CO.
### No. 262.

Circuit Court of Appeals, Second Circuit.
Jan. 4, 1932.

liens. At the sale conducted by an auctioneer, the aggregate bids for the three separate lots amounted to approximately $4,000, and the bid for the soda water fountain was $1,200. In other words, three-tenths of the aggregate amounts bid was for the soda water fountain. A meeting of creditors was had before the referee in bankruptcy to consider the foregoing bids and also any higher bids. At this meeting an offer of $7,100 was made for the bankrupt's property in bulk, and was accepted by the referee, who thereafter ordered lienors to prove their lien claims against the estate. The Knight Soda Fountain Company held a chattel mortgage upon the soda water fountain on which there was a balance due of $2,680.32. No testimony as to the value of this soda water fountain was offered before the referee. The only indication of value was that it had been purchased by the bankrupt for $4,000, somewhat more than two years before the sale, and that a bid of $1,200 had been made for it at the auction of the bankrupt's effects. The question before the referee was what portion of the $7,100 paid for all the assets was to be attributed to the fountain on which the Knight Soda Fountain Company held its lien. The referee allowed $1,500 to the Knight Soda Fountain Company out of the proceeds of $7,100. A review of this order of the referee was sought on the ground that the allowance of $1,500, was inadequate and that the full amount of the claim secured by the chattel mortgage should have been allowed. Judge Galston modified the order by allowing $2,680.32.

The trustee appealed from the order of Judge Galston assigning as error that he failed to find that the referee properly valued the soda fountain at $1,500.

Herman G. Robbins, of Brooklyn, N. Y., for trustee-appellant.

Hornblower, Miller, Miller & Boston, of New York City (John C. Banser, of New York City, of counsel), for appellee Knight Soda Fountain Co.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

Judge Byers ordered a sale by the receiver of the property of the bankrupt Harry Wilkes, to wit: (1) A soda water fountain and its appliances; (2) a lease of the premises which the bankrupt had occupied; (3) fixtures and equipment—such sale to be had in three separate lots, free and clear of all

The appellee attempts to support the order of Judge Galston, allowing the full amount of its claim, upon the theory that the sale by the referee for $7,100 was in violation of Judge Byers' order directing sale in three parcels rather than in bulk. Whether appellee claims that a sale in bulk was such an unlawful confusion of the goods covered by its chattel mortgage with others as to render the estate liable for the full amount of appellee's claim, as though the trustee was a converter, is not clear. But even if Judge Byers' order, made only in respect to a sale by the receiver, be regarded as applicable to a sale by the trustee, the sale for $7,100 was made by the court, and the order authorizing it was never reviewed. Such a sale by the referee, under his general powers, cannot be

regarded as made without jurisdiction, and must accordingly stand. Indeed all parties have treated it as valid, for they are seeking to establish their respective interests in the proceeds realized through its efficacy.

■ We cannot regard the allowance of $1,-500 to the appellee as based upon any tenable theory. The only basis which we can discover for determining the portion of the $7,-100 represented by the soda fountain is the proportion which the bid for the fountain at the first auction sale bore to the bid for all the assets. That was three-tenths which, if applied to $7,100, would result in a share of $2,130. The relation of the bids at a former auction sale was taken by the Circuit Court of Appeals for the Third Circuit as the basis for determining the amount to be allocated to several pieces of property later sold in bulk. In re Benz (C. C. A.) 218 F. 50.

■ It is argued that the bids at the auction do not appear in the record. But the appellant, who complains that the $2,680.32 allowed by the order of Judge Galston was more than the proper share of the soda fountain, states in his brief and in his assignments of error that the auction bid for the soda fountain was $1,200, and for all the property was $4,000. We are entitled to take him at his word. Based upon such relative values, the soda fountain should receive three-tenths of the $7,100, for which the total assets were sold, or $2,130.

The order appealed from is modified so as to direct the trustee to pay to the Knight Soda Fountain Company the sum of $2,130 upon its lien, and, as thus modified, is affirmed, with costs.