## In re RAILROAD SUPPLY CO.

## J. HENRY SCHRODER BANKING CORPORATION et al. v. L. S. BRACH MFG. CORPORATION.

### No. 5266.

Circuit Court of Appeals, Seventh Circuit.
June 20, 1935.

Before EVANS, SPARKS and FITZ HENRY, Circuit Judges.

James F. Oates, Jr., John Dern, George Ragland, Jr., and Cutting, Moore & Sidley, all of Chicago, Ill., for appellants.

Theodore E. Rein, Simon H. Alster, Friedman, Schimberg & Alster, and Sabath, Perlman, Goodman & Rein, all of Chicago, Ill., for appellee.

, This appeal assails the District Court's order which allowed one contestant's (Brach Mfg. Co.) claim and disallowed another's (J. Henry Schroder Banking Corporation) claim against the bankrupt estate of Railroad Supply Company. Both claims were based upon the same note. The court declined to adjudicate the rights of said claimants *inter se* in and to payments made on said note.*

For convenience, L. S. Brach Manufacturing Corporation will be called Brach, and J. Henry Schroder Banking Corporation will be called Schroder.

EVANS, Circuit Judge.

The controversy arose out of an agreement which the parties executed in the hopes that bankrupt might, if additional time were given it, improve its financial position and ultimately meet its debts.

The Railroad Supply Company, the bankrupt, owed Brach $75,000 and interest of $4,562.50 on two $37,500 promissory notes due April 10, 1931. On April 9, 1931, Brach and Schroder, who was also a creditor of bankrupt to the extent of $162,162.49, executed a written agreement, which was carried out, whereby Brach agreed to transfer to Schroder, bankrupt's two notes and Schroder agreed to pay Brach $30,000 and to secure from the bankrupt two new demand notes, one for $30,000 payable to Schroder, and one for $49,562.50 payable to Brach, *the latter note to be marked that it was subject to the agreement.* The latter note is the basis of claim out of which the controversy arises.

Brach filed a claim on the $49,562.50 note payable to it, for principal and interest, a total of $51,191.95. On this note the following legend appears:

* "(1) The Referee is directed to disallow the claim of J. Henry Schroder Banking Corporation on the note executed by the bankrupt in the sum of * * * $49,562.50 * * * dated April 9th, 1931, payable to the order of L. S. Brach Manufacturing Corporation: and

"(2) The Referee is further directed to allow the claim of L. Brach Manufacturing Corporation upon said note for the sum of * * * $49,562.50 * * * in addition to the claim of said L. S. Brach Manufacturing Corporation for interest on said note heretofore allowed by the Referee.

"It Is Further Ordered and Adjudged that in connection with the disallowance of the claim of J. Henry Schroder Banking Corporation, and the allowance of the claim of L. S. Brach Manufacturing Corporation, this Court, except as herein provided, in no way has determined or adjudicated the rights of either J. Henry Schroder Banking Corporation or L. S. Brach Manufacturing Corporation, as against each other, under the terms and provisions of a certain contract entered into between said parties and Franklin-Washington Trust Company of Newark, New Jersey, under date of April 9th, 1931; and that said claim of J. Henry Schroder Banking Corporation is disallowed and the claim of L. S. Brach Manufacturing Corporation is allowed without prejudice to the right of J. Henry Schroder Banking Corporation to assert its alleged rights under the contract of April 9th, 1931 * * *."

"This note is held subject to an agreement dated as of April 9, 1931, between J. Henry Schroder Banking Corporation, Franklin-Washington Trust Company, and L. S. Brach Manufacturing Corporation."

Schroder's claim in bankruptcy was upon the $30,000 note and for dividends to be paid in the bankruptcy proceedings upon the $49,562.50 note to Brach, until the total amount of dividends received by it on both notes equaled $30,000.

Schroder petitioned the court for an order directing the referee to pay dividends on the claim filed by Brach until its claim on the $30,000 note and interest had been paid in full. Brach filed its answer objecting to the petition on the ground that the conflict between it and Schroder was collateral to and not determinable in the bankruptcy proceedings. The trustee also objected to the Brach claim on the ground that the agreement between Brach and Schroder gave the latter preference in payments made thereon. This action of the trustee was uncalled for and outside the scope of his duties.

On May 18, the District Court entered an order which disallowed the claim of Schroder on the $49,562.50 note and allowed the claim of Brach on said note and provided that this determination was without prejudice to a subsequent suit between Brach and Schroder to determine their right to moneys paid as dividends on this claim.

We are satisfied that the decision of the District Court was right in so far as it allowed the claim against the estate of the bankrupt. But whether the real controversy, the contest between the two creditors as to which should receive the dividends up to $30,000, should be settled in this proceeding, or is collateral, is not entirely free from doubt.

Was it the court's duty to inquire into the nature of the agreement, of the existence of which it was fully apprised by the legend appearing upon the note, and to pass upon the rights under the agreement, or did it act properly in merely limiting its determination to deciding that the payee of the note was the proper claimant to present the claim?

It is appellant's (Schroder's) contention that it has prior right up to $30,000 to the dividends declared on Brach's claim, and that a court of bankruptcy, being a court of equity, has the power to settle all angles of the controversy between claimants who have a valid claim against the bankrupt estate.

Appellee Brach contends that it is the payee and legal owner of the note and therefore the rightful claimant to file the claim against the bankrupt estate; that the contest between it and Schroder in no way affects the bankruptcy matter and therefore should not be determined therein. In support of this position it cites In re American Electric Telephone Co., 211 F. 88 (C. C. A. 7); In re Dunlap Carpet Co. (D. C.) 206 F. 726; Id. (C. C. A.) 210 F. 156; In re Girard Glazed Kid Co. (D. C.) 136 F. 511; In re Pyrocolor Corp. (D. C.) 46 F.(2d) 554; In re Argonaut Shoe Co. (C. C. A.) 187 F. 784.

It has generally been held that a court of bankruptcy will not digress, in the administration of a bankrupt estate, to settle collateral disputes. Such a rule is obviously sound. The reason for its existence is to eliminate all extraneous issues from the bankruptcy proceeding and thus secure the early closing of the affairs of the bankrupt estate.

Notwithstanding the urge to decide the controversy between the two creditors of the bankrupt estate is strong, we realize the danger of such a precedent. We fear the effect would be the adoption of a practice which would permit claimants to litigate their differences, which would result in the postponement of the final settlement of bankrupt estates. Creditors who are entitled to dividends should have them and should not be deferred until the judicial disposition of disputes between two creditors whose controversy is of no concern to other creditors or to the estate. If we follow the practice determined by the District Court, the two claimants may litigate their dispute in the proper forum and the referee will be directed to turn the amount of the dividends over to the clerk of such court.

It is true some disputes between creditors may well be disposed of when passing upon the claims filed. In determining what disputes should be litigated, the District Court must be allowed considerable discretion. We are loath to disturb the discretion here exercised, when its effect is to hasten the early settlement of the bankrupt estate.

One of the modifications to the Bankruptcy Rules, recently promulgated by the

Supreme Court, has been the subject of consideration by that court. Lerner v. First Wisconsin Nat. Bank, 294 U. S. 116, 55 S. Ct. 360, 79 L. Ed. 796. From the decision it is clear that the court intended to make provision for the *expeditious* administration of bankrupt estates and the *early* payment of dividends to creditors. The decision of the District Court is in complete harmony with this purpose.

The decree is affirmed.