## In re HETZEL.
### No. 9006.

District Court, M. D. Pennsylvania.
May 27, 1938.

Schmidt, Keesey, Stair & Kurtz, of York, Pa., for exceptant.

S. B. Meisenhelder, of York, Pa., for unsecured creditors.

Hershey, Donaldson, Williams & Stanley, of Baltimore, Md., for Charles E. McManus et al.

JOHNSON, District Judge.

The questions here presented are raised by exceptions filed to the report and proposed distribution made by the Special Master to whom the above matter was referred. There are nine exceptions, all of which were taken by the York Ice Machinery Corporation, a limited lien creditor. The exceptions all relate to the amount awarded to the exceptant by the Special Master.

The bulk of the Bankrupt's property consisted of a brewery which was subject to a mortgage of the York Trust Company, on which there was due $22,311.31, and to conditional sale liens on specific property upon which there were balances due in the amount of $26,917.76. The exceptant had a conditional sale lien of $14,000.00 on a refrigeration plant and tanks located in the brewery. A reclamation petition was filed by the exceptant, but it was subsequently agreed that the entire plant be sold on condition that the liens be transferred to the proceeds, which was so ordered by the court. The entire brewery plant, including the refrigeration machinery upon which exceptant's lien attached, was appraised at $85,000.00, and, by a supplemental appraisal, the refrigeration machinery was valued at $10,000.00. The brewery and all machinery, including exceptant's refrigeration plant, were sold for $36,500.00, in accordance with the order of court.

On the basis of these facts, the Special Master awarded the exceptant $10,000⁄$85,000, or 11.76%, of $36,500.00, ($4,292.40), as a limited lien creditor, and allowed exceptant to participate pro rata in the balance which the Special Master distributed among general creditors. The exceptant's share as a general creditor amounted to $743.06. The exceptant alleges that the Special Master erred in this allowance, and contends: (1) That it was entitled to be paid in full, before the unsecured creditors; and (2) That, if the fund should as a matter of law be pro rated between the limited lien creditors and the general creditors, then the proportion which the Special Master used to determine exceptant's share is incorrect.

The first ground for the exceptions is without merit. The law is well settled that where a trustee in bankruptcy sells the property of a bankrupt as a whole, free and clear of liens which are transferred to the proceeds, the lien holders are entitled to receive as a preference from the gross proceeds only such proportion thereof as the particular property covered by their lien contributed to the whole fund. In re Wesley Corporation, D.C., 18 F.Supp. 347; In re Wilkes, Leslie v. Knight Soda Fountain Co., 2 Cir., 55 F.2d 224.

The second general ground for the exceptions involves the application of the above rule to the facts now under con-

sideration. In order to ascertain the relative amount contributed to the gross proceeds by the property upon which exceptant's ·lien attached, the Special Master used the proportion which the supplemental appraisal of the exceptant's refrigeration machinery bore to the value of the entire plant as determined by the original appraisal. This evidence is sufficient to justify the allowance. The finding is consistent with the rule set out above and is a proper application of this rule to the facts of the case. The practical effect of this is to require the exceptant to bear its relative share of the difference between the appraised value of the entire plant and the amount actually obtained at the sale.

And now, May 27, 1938, the exceptions to the Report and proposed distribution of the Special Master are dismissed, and the report and proposed distribution is approved.