### MORGAN et al. v. BLIEDEN.

### In re MUNICIPAL GAS CO. et al.

### No. 11477.

Circuit Court of Appeals, Eighth Circuit.

Nov. 4, 1939.

Rehearing Denied Nov. 29, 1939.

Carl F. Jaggers, of Little Rock, Ark. (Neill C. Marsh, Sr., of El Dorado, Ark., and P. A. Lasley, of Little Rock, Ark., on the brief), for appellant M. M. Brandon.

D. D. Panich, of Little Rock, Ark., and Arthur L. Adams, of Jonesboro, Ark., for appellee.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal is submitted to the court on behalf of appellant M. M. Brandon alone, several other persons originally joined as appellants having been dismissed or failing to proceed. The order appealed from affirmed an order of the Referee in Bankruptcy which approved and confirmed a Trustee's sale of the consolidated assets of the Cherokee Public Service Company and the Municipal Gas Company, both bankrupts.

It appears that the two bankrupt estates were so inter-related and dependent one upon the other for means to operate their gas business and for obtaining the supply of gas and marketing the same, that they had to be and were consolidated for administration and liquidation in bankruptcy. They were operated at a loss for some time under bankruptcy jurisdiction and then the assets of both estates were ordered sold together as a single operating unit. Due advertisement was made and the property was sold to Charles H. Albers, Receiver for the Chicago Bank of Commerce. The sale was attacked by various parties and from many angles, but the court found that it had been fairly conducted in accordance with the order of sale, that no better price

134

was obtainable and the order of confirmation now appealed from was entered.

Appellant contends on this appeal "that the sale was made on terms and conditions different from those set out in the order of sale", and the brief of appellant presents: "The only question involved in this appeal is the power of the Referee to accept and approve a bid made for assets of a bankrupt upon terms and conditions entirely different from those set out in the order and advertisement of the sale." Appellee denies that there was any substantial variance between the bid and the order of sale or the notice of the vendue and we confine our discussion to that one matter.

The order of sale authorized the Trustee to offer the two properties (the gas collecting and the gas distributing properties) "as a consolidated operating unit, and that no final bid be submitted for approval to the court except for said consolidated operating unit", and provided that: "Charles H. Albers, Receiver, be and he is hereby authorized and empowered to bid upon the assets of the said Municipal Gas Company, using the lien affixed upon the assets in favor of the said Charles H. Albers for the purpose of said bid as the said Charles H. Albers may care to make and to pay any excess of any bid so made to the said Trustee in Bankruptcy in cash." The record shows that the lien affixed upon the assets of the Municipal Gas Company, which Mr. Albers was allowed to use for the purpose of his bid, was in the sum of $100,000.

Subsequent to the entry of the order of sale the court entered an order clarifying the same in which it was provided, i. a.: "the said order is amended to specifically provide that the said Charles H. Albers as the owner of one hundred per cent of all the common stock of the Municipal Gas Company under the order of this court * * * is permitted * * * to bid on the assets of the Municipal Gas Company only up to the amount of his ownership of said Company, to-wit, $100,000.00 in capital stock; and that the said Charles H. Albers, Receiver, if he is the successful bidder for the assets of the Municipal Gas Company, Bankrupt, is liable for all costs of administration if any chargeable as by law provided, taxes· upon said property, and any legal claims proven against said assets; that the said Charles H. Albers will not be permitted to divide his bid and will not be permitted to bid upon the assets of the Cherokee Public Service Company, Wagoner Gas Company or Jenks Gas Company except under such terms and conditions as heretofore provided for all other bidders."

The record of the sale that was held shows that Mr. Albers' bid for the consolidated assets of the two estates was $132,000, which he complied with by using his lien affixed to the assets of the Municipal Gas Company and his offer to pay all legal debts and cost of administration and accrued taxes due from that Company to make up $100,000 of the bid and paying the difference of $32,000 in cash to the Trustee.

The gist of appellant's contention is that the order of sale ought not to have been construed so as to allow Mr. Albers to use the whole of his hundred thousand dollar lien upon his hundred thirty two thousand dollar bid. As the matter stands, the cash he has paid in to the Trustee amounts to only thirty two thousand dollars. Appellant contends the values of the two separate properties should be compared and Mr. Albers should pay cash money on his bid to the extent and in the proportion that the value of the Cherokee company's property bears to the total value of both properties. Several methods to fix values for this purpose are suggested and argued at length. It is stressed that Mr. Albers was expressly forbidden to "divide his bid or to bid upon the assets of the Cherokee Public Service Company * * * except under such terms and conditions as heretofore provided for all other bidders". And it is claimed that as the sale stands Mr. Albers has paid in cash less than the amount that the Cherokee's property alone could have been sold for and for less than three-fourths of the appraised value of the Cherokee company's property and that he was accorded better terms and conditions than other bidders on the Cherokee properties. It is urged that the sale ought to be set aside or that Mr. Albers should be required to pay a larger amount of cash upon the hundred and thirty two thousand dollars bid made by him.

Our study of the order of sale, as clarified by the court's order and considered in connection with all the circumstances disclosed by the record, persuades that the sale was made in substantial conformity with the true intent of the sale order as expressed in its terms. The propriety of selling the properties of the two companies

together as a single operating unit without according bidders at the sale the privilege to acquire either of the properties singly was finally passed on and settled before the sale was had and is not now for review. The amount and validity of Mr. Albers' lien and his right of ownership in the Municipal company's property had also been fully settled. Therefore, when the court ordered that no final bid would be considered by the court "except for said consolidated operating unit", and at the same time ordered that Mr. Albers could use his lien for the purpose of such "bid as the said Charles H. Albers may care to make" and allowed him "to pay any excess of any bid so made * * * in cash"—we think the meaning was made substantially clear that Mr. Albers could use his lien as he did in making and complying with his bid of $132,000 for the consolidated property.

The direction in the clarifying order that Mr. Albers "will not be permitted to divide his bid and will not be permitted to bid upon the assets of the Cherokee Public Service Company, etc. except under such terms and conditions as heretofore provided for all other bidders"—is clearly shown to have had relation to the court's determination to safeguard and make provision for various persons who were making claims against one or the other of the two estates. The order of sale allowed the Trustee to call for bids on the separate estates for certain limited purposes in connection with fixing claimed liens only and not for the purpose of final sale of the property. In that bidding on the separate properties, Mr. Albers could not "divide his bid" or use his lien except on the property to which it was affixed. But the order of the Court imposed no such limitation upon the use of his lien in bidding up the property consolidated as an operating unit which was the only bid to be accepted for sale of the property and returned for the confirmation of sale by the court. As to that bidding, it was the declared intent of the order that the amount of the lien be applied on the total bid and that "the excess—be paid in cash".

It has been held that where several items of property have been sold together at judicial sale for a lump sum the amount of the proceeds distributable to one who has a special interest in one of the items may be determined by apportionment based on the values of the respective items. Appellant cites Leslie v. Knight Soda Fountain Co., 2 Cir., 55 F.2d 224, which supports the principle. But in the instant case the rule has no application. It was apparent to the court that confusion and gross injustice would be occasioned by attempting to treat the properties used in the common business as separate units or to sell the assets of the two companies as separate parcels. The circumstances necessitated the offering as a single consolidated unit and in the absence of any showing that the authorized use of the Albers' lien resulted in an unfair sale or in realizing less than the best price obtainable, no ground to reverse the order of confirmation exists.

■ It is true that less than three-fourths of the sum at which the Cherokee properties had been separately appraised was realized on the sale. But many steps were taken by the trustee and the court as disclosed by the record to be sure that no better price could possibly be realized for the whole operating unit and it is apparent the discretion of the trial court which largely controls sales in bankruptcy was not abused. Currin v. Nourse, 8 Cir., 74 F.2d 273; and Id., 8 Cir., 66 F.2d 137. The statute, 11 U.S.C.A. § 110, sub. f, which forbids bankrupts' assets to be sold for less than three-fourths of the appraised value "otherwise than subject to the approval of the court", was not violated. The court on very full consideration approved the sale.

■ At the time of the sale the trustee did not question the form and propriety of Mr. Albers' bid upon the consolidated assets, or his right to use his hundred thousand dollar lien as he did in complying therewith. The Trustee, the Referee and the trial court concurred in their understanding of the meaning of the order of sale upon which Mr. Albers proceeded in making and carrying out his bid. No other parties who bid at the sale or who have an interest have preserved any objection to the sale as made and confirmed to Mr. Albers. The standing of this appellant to contest it by this appeal has been questioned by motion of the Trustee to dismiss. Mrs. Brandon is shown to have filed a claim against the estate of the Cherokee Public Service Company for more than a hundred thousand dollars and interest in a large amount, but the verified motion to dismiss the appeal discloses that on the trial of her claim it was ordered expunged from the record, and that although she has taken an appeal she has given no security or super-

sedeas. It was a condition of the sale made to Mr. Albers that he would pay claims that might be allowed against the estate of the Municipal Gas Company.

Under these circumstances it seems that Mrs. Brandon has not been shown to have any legal rights affected by the confirmation of the sale which would entitle her to carry on the appeal and hold up the administration of these losing and entangled estates. Hamilton Trust Co. v. Cornucopia Mines Co., 9 Cir., 223 F. 494; In re F. P. Newport Corporation, 9 Cir., 98 F.2d 453; In re Realty Foundation, 2 Cir., 75 F.2d 286; Berl v. Crutcher, 5 Cir., 60 F. 2d 440; Nolte v. Hudson Nav. Co., 2 Cir., 13 F.2d 987; In re Inter-City Trust, 1 Cir., 295 F. 495; Assets Realization Co. v. Sovereign Bank of Canada, 3 Cir., 210 F. 156; In re Sully, 2 Cir., 152 F. 619; see, also, In re Morris White Handbags Corp., 2 Cir., 77 F.2d 827. Cf. Currin v. Nourse, 8 Cir., 66 F.2d 137.

We are, however, fully persuaded that no reversible error has been shown in the order of confirmation of sale appealed from, and the same is affirmed.